No. 2126.—J. G. D'ARMAND *v.* THE SHERIFF, *et als.*

A third party cannot hold personal property against a seizing creditor if he has permitted the property purchased to remain in the possession of the seized debtor.

Where personal property has been sold as described in a written notarial act, and the purchaser has a written order from the vendor to take possession, such order must identify the property conveyed in order to constitute a delivery.

APPEAL from the Fifth District Court, parish of East Feliciana. *Posey,* J. *Kernan & Lyons,* for plaintiff and appellee. *L. M. Pipkin* and *S. E. Hunter,* for defendants and appellants.

HOWELL, J. By virtue of several writs of *fi. fa.* against O. W. Fluker, the Sheriff of the parish of East Feliciana, seized on the first of February, 1867, six mules, two horses, one four mule wagon and harness, and one family carriage and harness, as the property and in the possession of said Fluker, and appointed him custodian thereof. On the twenty-seventh of the same month, J. G. D'Armand, the brother-in-law of Fluker, enjoined the sale of said property, claiming to be owner thereof by an authentic act of sale on the fourth of January, proceeding from Fluker to himself.

The defense is that said sale is simulated and made by said Fluker to defraud the creditors of said Fluker, who is insolvent.

The case was tried before a jury, who found a verdict in favor of the plaintiff, and from a judgment thereon, after a fruitless attempt to obtain a new trial, the defendants have appealed.

Admitting that the contract of sale was real and the price actually paid, there was no delivery before the seizure. The sale was made in the town of Clinton, of all the judgment debtor's property, and which was then on the "Pond place," occupied by him and his family. The delivery is claimed to have been effected by the vendor handing to his wife, on his return home that day, the following instrument:

"CLINTON, La., January 4, 1867.

"Mrs. E. J. Fluker is hereby authorized to take in charge the mules, forage, and plantation implements, and use for the purpose of making a crop.

"J. G. D'ARMAND."

This does not identify the property as described in the notarial act of sale, which consisted of a carriage and harness, 400 bushels of corn, 6000 pounds of fodder, 3000 pounds of hay, ten cows and calves, three head dry cattle, ten head of hogs, six mules, two horses, one wagon, one lot of gear, one lot of plows, one lot of harness and five head of sheep, at specific prices, amounting in the aggregate to $2120. Nor does it show that the property seized was the property which the wife was authorized to take in charge, even conceding, which we do not propose to do, that the wife, not separate in property, could thus receive the delivery for a third person of the property sold by her husband.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of the defendants, dissolving the injunction herein, and condemning plaintiff and his surety to pay defendants one hundred and fifty dollars damages and costs in both courts.

Rehearing refused.